824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony J. BOVA, Plaintiff-Appellee,
v.
WATERWORTH, a California Corporation, Defendant-Appellant.
 Appeal No. 87-1023.
 United States Court of Appeals, Federal Circuit.
 May 26, 1987.
 
 Before MARKEY, Chief Judge, and RICH and NIES, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 This appeal is from the judgment of the United States District Court for the Central District of California entered July 9, 1986, in favor of appellee, Anthony J. Bova (Bova), finding that appellant Waterworth had willfully and deliberately infringed the single claim of Bova's patent No. 4,212,335 entitled "Waterbed Filling Unit" (the '335 patent) and awarding Bova treble damages of $234,962.10 plus prejudgment interest and its attorney fees in the amount of $47,075.00. We affirm.
 
 OPINION
 Infringement
 
 2
 The district court held that Waterworth's devices infringed the '335 patent under the doctrine of equivalents, the only difference being Waterworth's "open-basket" or slotted water delivery tubes. Waterworth argues that the patent's prosecution history prevents such a finding of infringement. It contends that the district court ignored the claim limitations of an "elongated" and "long-tapered" tube "projecting inwardly beyond the nut-type fitting" which Bova added by amendment to get the claim allowed.
 
 
 3
 Although the district court did not address this argument in its original findings and conclusions, its later order denying Waterworth's motion for a new trial flatly rejects it. There, the court stated that Waterworth's devices did have elongated water delivery tubes. It was the additional fact that the tubes were slotted that had no significance.
 
 
 4
 Waterworth's mere introduction of the entire prosecution history, accompanied by no testimony or argument, does not entitle it to argue here that it was improperly considered. Nonetheless, there is nothing in the prosecution history which differentiates between a solid-wall tube and one with slots below the sealing portion of the tube. Thus, we do not agree that the district court construed the claim "in a way that would resurrect subject matter surrendered during prosecution of the patent application." Mannesmann Demag Corp. v. Engineered Metal Prods. Co., 793 F.2d 1279, 1284, 230 USPQ 45, 48 (Fed.Cir.1986).
 
 
 5
 Waterworth's argument that Bova "elected" to prove only literal infringement is also without merit. Counsel's opening statement and Bova's testimony both raise the issue of infringement under the doctrine of equivalents. Waterworth's failure to "emphasize" the patent's prosecution history or introduce testimony is strictly its own.
 
 Damages: Reasonable Royalty
 
 6
 Waterworth incorrectly characterizes Bova's proof of damages as pertaining only to the losses of its licensee Blue Magic. The district court based Bova's royalty figure on Waterworth's cost savings, not Blue Magic's losses. Those cost savings represent the amount Waterworth was willing to pay for a license and are objective evidence of a reasonable royalty. We also do not agree that the 1980 transaction between Waterworth and Blue Magic was "incidental" as Waterworth suggests. Although it was a one-time purchase, it involved a sale of 10,000 units.
 
 
 7
 The methodology used by the district court in calculating damages was within its sound discretion. See TWM Mfg. Co. v. Dura Corp., 789 F.2d 895, 898, 229 USPQ 525, 526 (Fed.Cir.), cert. denied, 107 S.Ct. 183 (1986). Waterworth has not shown that the district court's method was either an error of law, a clear error of judgment, or based on clearly erroneous fact findings. Id. at 898, 229 USPQ at 526.
 
 Treble Damages and Attorney Fees
 
 8
 The district court found that Waterworth willfully and deliberately infringed the '335 patent and Waterworth has not shown that this finding is clearly erroneous. We disagree with Waterworth's assertion that infringement was a "close question" simply because the district court found infringement under the doctrine of equivalents. Waterworth copied the patented filling unit with full knowledge of the existence of the patent and made only a minor change in the water delivery tube. Waterworth's failure to consult an attorney before proceeding belies the assertion that it acted only in good faith. Cf. Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90, 219 USPQ 569, 576 (Fed.Cir.1983).
 
 
 9
 Based on the finding that infringement was willful and deliberate, the district court trebled the amount of damages and awarded Bova its attorney fees. Waterworth has not shown that this was an abuse of discretion. See Rosemount, Inc. v. Beckman Instruments, Inc. 727 F.2d 1540, 1547-48, 221 USPQ 1, 8 (Fed.Cir.1984).